PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK M. KALAN, | ) | |
| | ) | CASE NO.  4:13CV2492 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHARLES COLUCCI, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff Frank M. Kalan filed this *in forma pauperis* civil rights Complaint against

Canfield Police Department Chief Charles Colucci and Detective Brian McGivern pursuant to 42

U.S.C. § 1983.  ECF No. 1.  Plaintiff claims Defendants conspired to pressure him "to comply to

a zoning violation."  ECF No. 1 at PageID #: 2.  He seeks unspecified monetary relief.

## I.  Background

Detective McGivern arrived at Plaintiff's home on November 10, 2011 after someone

complained about a dog running loose.  Plaintiff denied ownership of the animal, but showed the

detective three dogs he owned and three dogs he was caring for that belonged to his son.  When

the detective asked about additional pets, Plaintiff stated he also owned a cat.  ECF No. 1 at

PageID #: 1.  Detective McGiven then asked whether any dead animals were in the home and

Plaintiff explained there was a dead cat in the freezer that belonged to his son.  He claimed they

were waiting to decide whether to bury or cremate the animal.  The detective asked to inspect his

(4:13CV2492)

property, but Plaintiff declined and asked that he first secure a search warrant.  ECF No. 1 at

PageID #: 1-2.

Detective McGiven returned to Plaintiff's property with a warrant.  Upon inspection of

the home, the detective determined the property was "unfavorable" and telephoned the Animal

Charity Board of Health, Dog Warden, and Adult Protective Services.  The dogs were removed

to Animal Charity, but the cat ("except the 2 dead ones in the freezer and fridge") was left at the

home.  Plaintiff was escorted away in handcuffs and admitted to Humility of Mary Health Center

for one week pursuant to Ohio Revised Code § 5122.10.[1]  ECF No. 1 at PageID #: 2.

When Plaintiff returned home, he was charged with cruelty to animals, *see City of*

*Canfield v. Kalan*, No. 50 2011 CR B 00473 CNF (Mahoning County Ct. No. 5 filed Nov.18,

2011), and procedures were initiated to have him declared incompetent.  *See Guardianship of:*

*Kalan*, No. 2012 GI 00017 (Mahoning County Probate Ct. filed Jan. 24, 2012).  On April 2,

2013, Latya Reed of Compass Family and Community Services was appointed Plaintiff's legal

guardian.  Plaintiff appealed the decision, arguing it placed undue hardship on him and damaged

---

[1]  The statute, titled "Emergency hospitalization.," provides. in pertinent part:

Any . . . police officer . . . may take a person into custody . . . and may
immediately transport the . . . offender under transitional control to a
hospital or, notwithstanding section 5119.33 of the Revised Code, to a
general hospital not licensed by the department of mental health and
addiction services where the . . . offender under transitional control may be
held for the period prescribed in this section, if the psychiatrist, licensed
clinical psychologist, licensed physician, health officer, parole officer,
police officer, or sheriff has reason to believe that the person is a mentally
ill person subject to hospitalization by court order under division (B) of
section 5122.01 of the Revised Code, and represents a substantial risk of
physical harm to self or others if allowed to remain at liberty pending
examination.

(4:13CV2492)

his reputation.  *Guardianship of:  Kalan*, No. 2013 MA 46 (Ohio App. 7th Dist. filed April 17, 2013).  ECF No. 1 at PageID #: 2.

Plaintiff alleges the charges were "orchestrated" by Defendants to force him to comply with zoning regulations.  ECF No. 1 at PageID #: 2.  He contends there were other ways to handle the situation.  Plaintiff claims his dogs were in excellent health and that their vaccinations were up-to-date.  Finally, he states he looked disheveled and dirty because he was mulching in the back yard.  He acknowledges his home was cluttered, but explained he routinely picks up other people's trash to donate to charities.  Because these items remain in his home until donated, the house appeared somewhat disorganized.   Plaintiff seeks monetary compensation because Defendants have allegedly destroyed his reputation to the point that he can no longer find employment.  ECF No. 1 at PageID #: 3.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[2]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:13CV2492)

### III. Failure to State a Claim

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### IV. Civil Rights Violation

Plaintiff asserts this Court's subject matter jurisdiction based on an alleged violation of 42 U.S.C. § 1983. Other than including the statute in his jurisdictional statement, however, Plaintiff does not set forth any facts that would support a claim under the statute.

To prevail in a civil rights action under section1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Section1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a

(4:13CV2492)

deprivation of a constitutional right.  *See e.g.*, *Paul v. Davis*, 424 U.S. 693, 699-701(1976);

*Baker*, 443 U.S. at 146-47.  Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the

plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United

States.  *Id.* at 140.

Plaintiff does not identify a single constitutional basis for Defendants' liability in this

case.  Without a constitutional basis for liability, he cannot assert a claim under section1983.

Even liberally construing the Complaint (ECF No. 1) as a challenge to the legitimacy of the

animal cruelty charges brought against him, the Court is without authority to set aside or

scrutinize that decision.

### V.  No Appellate Review of State Judgment

District Courts of the United States do not have jurisdiction to overturn state court

decisions.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  This is

true even if the request to reverse the state court judgment is based on an allegation that the state

court's action was unconstitutional.  *Id.*  Federal appellate review of a state court judgment can

only occur in the United States Supreme Court, by appeal or by writ of *certiorari*.  *Id.*  Under this

principle, generally referred to as the *Rooker-Feldman* Doctrine, a party losing his case in state

court is barred from seeking appellate review of the state judgment in a United States District

Court based on the party's claim that the state judgment itself violates his federal rights.  *Berry v.*

*Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

Even liberally construing the Complaint (ECF No. 1) in Plaintiff's favor, the Court finds

he has not stated a federal claim for relief.  District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence

(4:13CV2492)

fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require[ ] [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

## VI. Conclusion

Accordingly, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted; and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]


IT IS SO ORDERED.


 August 15, 2014                             /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.